## Stephens *against* The Commonwealth.

By virtue of the act " to regulate collateral inheritances," the county treasurer is entitled to receive a separate commission on the sum paid into the state treasury, to be calculated on each distinct estate, according to the rates specified in the act: and if one treasurer collects part of such tax, his successor is entitled to commissions on a balance collected by him.

ERROR to the common pleas of *Dauphin* county.

William Stephens, the plaintiff above and defendant below, is the treasurer of the county of Philadelphia, and as such settled his account with the auditor-general of the commonwealth, for the amount of collateral inheritance tax received by him during the year 1833. The total of the account was 93,000 dollars 17 cents, received from different estates: and the amount of commissions charged and retained by the county treasurer, was 510 dollars 26 cents. The amount was made up by calculating the commissions allowed by the act of assembly of 20th April 1830, on the sum received from each distinct estate, and by charging 100 dollars for commissions on the amount received from the estate of the late Stephen Girard, to wit, on 82,609 dollars 37 cents. The auditor-general refused to allow the account to remain as filed by the county treasurer, and reduced the commissions to 152 dollars 74 cents, calculating the commissions given by the act on the aggregate of all the sums paid into the state treasury, and refusing any commission whatever on the settlement of the estate of Stephen Girard deceased. An appeal was filed in the office of the auditor-general by the defendant below, within the period allowed by law, and two objections specified, viz.

1. That the auditor-general refused to allow the said William Stephens any commissions whatever upon the settlement of the estate of the late Stephen Girard, when he was by law entitled to receive the sum of 100 dollars.

2. That the auditor-general erred in not allowing the said William Stephens commissions on each distinct estate, and in adding the sums received from different estates together, and allowing him 5 per cent on the first 1000 dollars, and 1 per cent on the remainder; whereas he should have allowed him 5 per cent on the amount re-

ceived from each distinct estate, when it did not exceed 1000 dollars, and 1 per cent on the residue thereof.

On the 26th of August 1834, a jury was empanelled, and the cause was tried in the court of common pleas of Dauphin county; and the counsel for the plaintiff below, in order to sustain the issue on his part, offered in evidence the account of Philip Peltz, Esq., former treasurer of the county of Philadelphia, as stated and settled by the auditor-general, for the purpose of showing that he had been allowed 100 dollars for commissions on the amount collected by him from the estate of Stephen Girard deceased, and paid into the state treasury. The reading of this account was objected to by the counsel for the defendant below, but the court overruled the objection and signed a bill of exceptions.

After the counsel for the plaintiff had concluded his cause, the counsel for the defendant requested the court to charge the jury, that the proper construction of the act of assembly of 2d April 1830, entitled " a supplement to the act entitled an act to regulate collateral inheritances," was, that the different county treasurers throughout the commonwealth, were entitled to receive a separate commission on the sum paid into the state treasury, to be calculated on each distinct estate, according to the rates specified in the act of assembly; and that, therefore, it was wrong in the auditor-general to settle the account in the manner adopted by him, to wit—by making an aggregate of all the sums paid by him into the treasury and received from various estates, and allowing him commissions on the total amount; and also, that William Stephens, treasurer of Philadelphia county, was entitled to a commission of 100 dollars on the amount collected by him from the estate of the late Stephen Girard, Esq., without any reference to the sum allowed his predecessor Philip Peltz on the same estate. But the court refused to charge the jury as defendant's counsel desired; and charged the jury that there was only one fact which they were called upon to determine; and that was, whether Philip Peltz, the former treasurer of the county of Philadelphia, had received the sum of 100 dollars, as commissions upon the settlement of the estate of the late Stephen Girard; that if they were satisfied he had, William Stephens, the present county treasurer, was not by law entitled to receive any allowance upon the amount which he had paid into the state treasury from the same source; that the question as to whether he was entitled to compensation in that particular estate, was exclusively a question of law, and in the opinion of the court, it ought not to be allowed; that the whole commission given by law, had been already once paid by the commonwealth, and could not be again allowed, no matter how many county treasurers there were; that it was clear that the law contemplated that no estate should, under any circumstances, pay a sum exceeding 100 dollars. That on the other point raised by the defendant's counsel, the court were equally clear that the position was unsound, and that the account as settled by the

auditor-general was, in every respect, correct; that the rate of commissions fixed by the act of assembly, was not to be allowed on each estate, but could only be calculated, at the end of the year, on the whole amount of the account.

To this opinion of the court, the counsel for the defendant below also excepted, and a bill of exceptions was sealed. A verdict was then found by the jury in favour of the plaintiff below, for the sum of 367 dollars 52 cents, being the difference of commission, upon which judgment was entered.

A writ of error was then sued out, and the following errors were assigned:

1. The court below erred in permitting the account of Philip Peltz, Esq., former treasurer of the county of Philadelphia, settled by the auditor-general and state treasurer, to be given in evidence to the jury.

2. The court below erred in refusing to charge the jury as defendant's counsel desired; and in charging themt hat the true construction of the act of assembly of 2d April 1830, was, that the commissions could only be allowed the county treasurer, according to the rate fixed by the act of assembly, upon the aggregate of all the sums received from the different estates, on the settlement of his account, and could not be calculated on each distinct estate.

*Ashmead*, for plaintiff in error.
*Foster*, for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—Two exceptions have been filed to the proceedings of the court of common pleas.

1. That the court erred in permitting the account of Philip Peltz, Esq., former treasurer of the county of Philadelphia, settled by the auditor-general and state treasurer, to be given in evidence to the jury.

2. That there was error in the construction of the act of the 2d of April 1830.

The first point is not pressed, because the legislature, at the last session, passed an act, paying to the plaintiff in error the demand embraced in that exception. It remains only to consider the second error assigned.

In the act of the 2d of April 1830, it is enacted, that on settlement of the accounts of the county treasurers, for moneys received by them on collateral inheritances, the auditor-general shall allow them for any sum by them collected and paid over to the state treasurer, not exceeding 1000 dollars, for each dollar 5 cents, and above that sum, for each dollar 1 cent; but in no case shall the commission on any estate exceed the sum of 100 dollars: provided, the same be paid within one month after the moneys, in each case, shall by them have been received, otherwise such allowance shall not be made; and,

[Stephens v. The Commonwealth.]

provided, however, that county treasurers now having such moneys in their hands, shall be allowed such commission, if the payment be made within one month from the passage of this act.

It was the opinion of the court of common pleas, that the rate of commissions allowed by the act of assembly, was not to be allowed on each estate, but could only be calculated at the end of the year, on the whole amount of the account. It is of this opinion the plaintiff in error, and we think with reason, complains.

It seems to have been the intention of the legislature to secure the collection and prompt payment of the collateral inheritance tax, by giving the county treasurers a special interest in its collection and speedy payment; and hence, the commissions are allowed on *every sum* by them collected and paid over, with a restriction, that on no estate shall the commission exceed the sum of 100 dollars. It is difficult to give any other construction to the terms used in the act; and this construction is confirmed by the proviso, which prohibits the allowance, unless the same be paid within one month after the moneys in *each case* shall by them have been received. There are no words in the act which indicate the intention that the commissions are to be charged on the aggregate of the sums received during the year; nor can the practice which has been referred to, of there being a settlement but once a year, control the plain words of the act. The moneys are not only to be received, but to be paid over within one month; otherwise, the treasurer is not entitled to any commissions. This is a provision peculiar to this act, and seems to show that it was the intention of the legislature to place the moneys arising from this source on a different footing from others; and this, for a reason which it is not difficult to comprehend. Reliance has been placed, in the argument, on the uniform construction which has been given to the eighteenth section of the act of the 3d of March 1811. In that act there is internal evidence that the commission must be charged on the aggregate amount of the moneys received from tavern licenses and exempt fines. No other construction could be given to the act, as in no case does any amount to 500 dollars, which is the minimum sum mentioned in the act.

It must be observed that the proviso makes it the duty of the county treasurer to pay over the money, in each case, within one month after it shall have been received. As the case is presented to us, it does not appear whether this prerequisite of the act was complied with or not. If the moneys were not paid over, it is very clear that all claims to commission are forfeited by the treasurer.

Judgment reversed, and a *venire de novo* awarded.